806 So.2d 749 (2001)
STATE of Louisiana
v.
William BOWEN.
No. 01-KA-594.
Court of Appeal of Louisiana, Fifth Circuit.
December 26, 2001.
*750 Paul D. Connick, District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, Attorneys for Appellee.
Bruce G. Whittaker, New Orleans, LA, Attorney for Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Defendant/Appellant, William Bowen, appeals his conviction for a 4th offense operation of a motor vehicle while intoxicated. Bowen asserts that the trial court erred in restricting the scope of his cross-examination of a witness, thereby denying him the constitutional right to present a defense. Bowen further argues that the trial court erred in imposing an excessive sentence. For the following reasons, we affirm.
On March 4, 1999, the Jefferson Parish District Attorney filed a bill of information charging defendant, William Bowen, with fourth offense operation of a motor vehicle *751 while intoxicated, a violation of LSA-R.S. 14:98. Bowen was arraigned on March 9, 1999 and pled not guilty. On May 5, 1999, the case was tried before a twelve-person jury which unanimously found Bowen guilty as charged. On May 19, 1999, the trial court sentenced Bowen to imprisonment at hard labor for ten years, with the first three years to be served without benefit of parole, probation or suspension of sentence. Bowen filed a motion for appeal which was granted, but because his motion for appeal was untimely filed, we dismissed the appeal and remanded the matter in order to allow Bowen the opportunity to seek reinstatement of his right to appeal by post conviction relief.[1] Bowen filed an application for post conviction relief seeking reinstatement of his right to appeal which was granted on August 31, 2000.
In the early morning hours of December 25, 1998, Deputy Don Grossnickle, of the Jefferson Parish Sheriff's Office, saw a vehicle, with no headlights on, drive up North Arnoult Street and turn right onto Veterans Boulevard. Grossnickle turned on his flashing lights and pulled the vehicle over. At trial, Deputy Grossnickle testified that William Bowen stepped out of the vehicle, fell, and grabbed the side of the vehicle to hold himself up because he was having difficulty standing. Grossnickle further testified that Bowen smelled "highly of alcohol" and appeared to be "highly intoxicated." Deputy Grossnickle subsequently called headquarters to request that a state task force unit come to the scene and conduct field sobriety tests. After a representative from the state police arrived, Grossnickle had no further involvement with the investigation.
Trooper Robert P. Hodges of the Louisiana State Police, testified that on December 25, 1998, he was notified by Troop B radio dispatch that the sheriff's department had a vehicle stopped on Veterans Boulevard near Hessmer Boulevard and needed assistance. Hodges, who was called as a witness by the state, testified that he had been a member of the DWI task force for approximately one year prior to December of 1998, and that he had made close to 200 DWI arrests since he had been employed as a state trooper. When Hodges arrived on the scene, he took over the supervision of the investigation. Hodges testified that he smelled a strong alcoholic odor on Bowen's breath, that Bowen's pupils were dilated, and that Bowen's eyes were glassy. Bowen also leaned up against a wall at Delta Tire World at Hessmer and Veterans Boulevard to keep his balance so he wouldn't "sway back and forth." Hodges advised Bowen of his rights and asked him where he was coming from and where he was going, and if he would submit to a field sobriety test. Bowen complied with Hodge's request to submit to the field sobriety tests, and Hodges administered the tests around 2:30 or 3:00 a.m. Hodges testified that Bowen failed all three subparts of the horizontal gaze nystagmus test, failed all portions of the walk-and-turn test, and failed the one-leg stand test as well.
Hodges then advised Bowen of his rights per Miranda and placed him under arrest for DWI. He conducted a standard interview with Bowen and asked him whether he had any physical defects, whether he was taking any type of medication, whether he had been to a doctor or dentist recently, and whether he had any illness or disorder. Bowen responded in the negative to all of these questions. He told Hodges that he was leaving the Landmark Hotel before he was stopped, and *752 that he had consumed four 12-ounce cocktails, but he wouldn't specify the type of cocktail or liquor.
Hodges testified that he was certified to operate the Intoxilizer 5,000 which allowed him to operate the breath test which determines how much alcohol is in a person's system. He stated that he reviewed with Bowen his rights relative to the administration of the Intoxilizer at the East Bank lockup in Jefferson Parish, and that Bowen refused to sign the form, further indicating that he did not want to submit to the breathalyzer test. Hodges then ran a computer check on Bowen and determined that he was wanted on an attachment for an outstanding DWI. He wrote the booking sheet and charged Bowen with DWI, failure to drive with his lights on, not having a driver's license on his person, and having an outstanding attachment for a separate DWI.
Sergeant Virgil McKenzie, who was qualified as an expert in the area of latent fingerprints and fingerprint comparison, testified for the State that he took a set of fingerprints from Bowen on the day of trial. McKenzie compared the fingerprints found on State's Exhibit One to the fingerprints found on State's Exhibit Two through Four and concluded that they were identical to those taken in cases for Bowen's three prior DWI charges: 97-1820 in Twenty-Fourth Judicial District Court, F833611 in First Parish Court, and F92120, which was also in First Parish Court. Bowen did not call any witnesses of his own at trial.
In his first assignment of error, Bowen argues that the trial court violated his constitutional right to present a defense and confront his accusers by curtailing his cross-examination of the arresting officer, Trooper Robert P. Hodges. During cross-examination, defense counsel began to ask Hodges whether there were instances where an accused person stopped by Hodges had failed the field sobriety test, but had later passed the Intoxilizer test, when the prosecutor objected on the basis of relevancy. The court sustained the objection.
A criminal defendant has a constitutional right to present a defense.[2] In State v. Casey,[3] the Louisiana Supreme Court noted:
To this end, a defendant should be allowed to present evidence on any relevant matter. However, the right to present a defense is not without limits and the state retains a legitimate interest in barring unreliable evidence from criminal trial.
In State v. Howard,[4] this Court outlined the law pertaining to a criminal defendant's right to cross-examination as follows:
A criminal defendant's right to cross-examination is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution applicable to the states through the Fourteenth Amendment. The right is further guaranteed by the Louisiana Constitution and the Louisiana Code of Evidence. The right to cross-examine a witness includes the right to question the witness concerning any bias or self-interest attached to the witness's testimony. However, the right to confrontation is not so unlimited as to require permitting *753 a defendant on cross-examination of state witnesses to make any and all inquiries of whatever character. The inquiry must be relevant.[5]
Relevant evidence is defined in LSA-C.E. art. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence in a criminal case is that which tends to show commission of the offense charged, and intent, or tending to negate commission and intent.[6] A trial judge's determinations regarding relevancy and admissibility should not be overturned absent a clear abuse of discretion of the trial judge and his rulings will not be disturbed in the absence of an abuse of discretion.[7]
In the instant case, Bowen was convicted of fourth offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98, which provides in pertinent part:
A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle ... where:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(c) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.
In State v. Berkeley,[8] this Court stated the following in regard to intoxication:
Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Some behavioral manifestations, independent of any scientific tests, are sufficient to support a charge of driving while intoxicated. The observations of an arresting officer may be sufficient to establish guilt.[9]
In the instant case, in order to convict Bowen of DWI, the state had to prove that he was operating a vehicle while under the influence of alcoholic beverages, or that his blood alcohol level was 0.10 percent or more, or that he was under the influence of a controlled dangerous substance as detailed above. The state established that Bowen was under the influence of alcoholic beverages through the testimony of Deputy Don Grossnickle and Trooper Hodges. Grossnickle testified that he pulled Bowen over because he was driving with no headlights on, and that when Bowen stepped out of the vehicle, he smelled highly of alcohol and had to hold himself up on the side of the vehicle because he was having difficulty standing. Trooper Hodges testified that when he arrived on the scene shortly thereafter, he smelled the strong odor of an alcoholic beverage on Bowen's breath and observed that Bowen's pupils were dilated, his eyes were glassy, and he had to lean up against a wall to keep his *754 balance. Hodges testified that Bowen failed all of the field sobriety tests, and that he refused to take the Intoxilizer breath test. Additionally, Hodges stated that Bowen admitted to him he had consumed four 12-ounce cocktails. Defense counsel cross-examined both of these witnesses.
On appeal, Bowen argues that his confrontation rights were violated because he was not allowed to cross-examine Hodges about other persons in the past who may have failed field sobriety tests, but passed Intoxilizer tests. Based on a review of the record, we find that the trial court did not commit manifest error in excluding the information sought by Bowen during the cross-examination of Trooper Hodges. The fact that other persons may have failed field sobriety tests, yet passed Intoxilizer tests, was irrelevant to prove whether Bowen in the instant case was under the influence of alcoholic beverages while operating a vehicle. As such, we find that the trial court did not err in sustaining the objection.[10]
In his second assignment of error, Bowen argues that his sentence of ten years at hard labor with the first three years to be served without benefit of parole, probation, or suspension of sentence is excessive. He contends that the trial court was required to impose a minimum of ten years but in this case was free to suspend as much as seven of those years.
We first note that Bowen did not verbally object to the sentence when it was imposed and did not file a motion to reconsider sentence.
LSA-C.Cr.P. art. 881.1(D) provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
However, in State v. Mims,[11] the Louisiana Supreme Court decided that failing to file a motion to reconsider sentence relegates a defendant to a "bare claim of excessiveness." In the past, this Court has considered whether a defendant's sentence is constitutionally excessive in spite of the fact that the defendant failed to file a motion to reconsider.[12] Therefore, we will address Bowen's second assignment of error regarding his claim of an excessive sentence.
The Eighth Amendment to the United States Constitution and Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering.[13] A sentence *755 is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.[14] The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits.[15]
Bowen was convicted of fourth offense driving while intoxicated, a violation of LSA-R.S. 14:98. The penalty provision for that crime is found in LSA-R.S. 14:98(E)(1):
On a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years, and shall be fined five thousand dollars.
In the instant case, the trial court sentenced Bowen to imprisonment at hard labor for ten years with the first three years to be served without benefit of parole, probation or suspension of sentence, and it also ordered Bowen to pay a fine in the amount of $5,000.00. Therefore, Bowen received the mandatory minimum sentence. Nevertheless, a trial court has the authority to determine that any mandatory minimum sentence is constitutionally excessive as applied to a particular defendant.[16] However, a court may only depart from a minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality.[17] To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.[18]
In the instant case, Bowen argues that, although he does not come before this Court with a "stellar" record, ten years at hard labor is excessive for a "garden variety" fourth offense DWI such as is presented by the facts of this case. Prior to sentencing, the trial judge stated in pertinent part:
The Court is of the opinion that the defendant is not amenable to a suspended sentence and if the Court were to impose same there's a risk that the defendant will commit another crime. The Court is of the opinion that the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution under the supervision of the State of Louisiana. Any lessor sentence which I will now impose would deprecate the seriousness of the crime committed by the defendant. The Court further takes notice that the defendant's conduct presents a present danger to himself and other citizens of this community. That he evidences a lack of control over substance abuse.
*756 Bowen has not presented sufficient evidence to support a deviation from the mandatory statutory scheme. Further, Bowen received a ten-year sentence when he could have received as many as 30 years. Based on the foregoing, we find the trial court did not err by imposing a constitutionally excessive sentence.
Bowen has assigned as error all errors patent on the face of the record. We have reviewed the record in these proceedings and have found no patent errors.
In summary, it is the opinion of this Court that the trial court did not err in limiting Bowen's cross examination of Trooper Robert P. Hodges, as the information sought was not relevant to the proceedings. We further find that Bowen has not presented sufficient evidence to support a deviation from the mandatory statutory scheme, and that the sentence imposed by the trial court is not constitutionally excessive. The judgment of the trial court must be affirmed.
AFFIRMED.
NOTES
[1] State v. Bowen, 00-KA-175 (La.App. 5 Cir. 7/25/00), 767 So.2d 806.
[2] La. Const., art. I, § 16.
[3] 99-0023 (La.1/26/00), 775 So.2d 1022, 1037 (citations partially omitted).
[4] 01-5 (La.App. 5 Cir. 4/24/01), 786 So.2d 174, (quoting State v. Fisher, 96-0004 (La. App. 4 Cir. 4/2/97), 692 So.2d 713, 720, rev'd on other grounds and remanded, 97-1133 (La.9/9/98), 720 So.2d 1179),
[5] Id.
[6] State v. Miles, 402 So.2d 644, 647 (La. 1981); State v. Lewis, 97-2854 (La.App. 4 Cir. 5/19/99), 736 So.2d 1004, 1017, reh'g denied, 97-2854 (La.App. 4 Cir. 8/16/99), writ denied, 99-2694 (La.3/17/00), 756 So.2d 325.
[7] State v. Francis, 98-811 (La.App. 5 Cir. 1/26/99), 727 So.2d 1235, 1237, writ denied, 99-0671 (La.6/25/99), 746 So.2d 597.
[8] 00-1900 (La.App. 5 Cir. 5/31/01), 788 So.2d 647.
[9] Id.
[10] Bowen also argues in regard to this assignment of error that he should have been able to cross-examine Hodges and test the reliability of his expert scientific testimony regarding the issue in question based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Although Bowen cites to Daubert to support his position, Daubert is inapplicable to this matter because the witness he is challenging, Trooper Hodges, was testifying as a lay witness and not as an expert.
[11] 619 So.2d 1059, 1060 (La.1993).
[12] State v. Perkins, 99-1109 (La.App. 5 Cir. 4/25/00), 762 So.2d 67, 74; State v. Jackson, 99-1368 (La.App. 5 Cir. 5/17/00), 762 So.2d 253, 257.
[13] State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, 821, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445.
[14] Id.
[15] Id.
[16] State v. Dorthey, 623 So.2d 1276, 1278-1281 (La.1993); State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274, 1275.
[17] State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339, 343.
[18] State v. Lindsey, 770 So.2d at 343, quoting State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676-677.