591 So.2d 1352 (1991)
STATE of Louisiana
v.
Alton W. WALTERS.
No. 90-KA-2024.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for appellee.
Jack H. Tobias, New Orleans, for appellant.
*1353 Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Defendant, Alton W. Walters, was charged by bill of information with one count of armed robbery, one count of attempted armed robbery and one count of being a convicted felon in possession of a firearm. The State later entered a nolle prosequi as to the third count.
On October 19th and 20th, 1989, defendant was tried on the first and second counts and was found guilty as charged.
On January 23, 1990, the trial court sentenced defendant to twenty (20) years at hard labor without the benefit of probation, parole or suspension of sentence on each count. This Court affirmed defendant's convictions and sentence in State v. Walters, 582 So.2d 317 (La.App. 4th Cir.1991), writ den., 584 So.2d 1171 (La.1991).
On June 25, 1990, the State filed a multiple bill of information charging that defendant had a prior conviction for simple robbery.
On August 31, 1990, a hearing was held and defendant was adjudicated a second offender. The trial court vacated defendant's original sentence on the armed robbery conviction and re-sentenced defendant to thirty-three (33) years at hard labor without the benefit of parole to run concurrently with his original sentence on count two, attempt armed robbery.

FACTS:
At the multiple bill hearing, Officer Wilbain Sable, who was accepted as an expert in the field of fingerprints and fingerprint identification, was the only witness to testify. He stated that the fingerprints contained on a certified copy of an arrest register in the name of Alton W. Walters and dated January 25, 1984 were identical to those obtained from defendant in court on the day of the hearing. He further identified a certified copy of a bill of information listing several defendants, including Alton Walters, as containing the same information as to date of offense, victims, charges and item number as on the arrest register of January 25, 1984.
At the conclusion of Officer Sable's testimony, the State filed into the record the fingerprint card used by Officer Sable, the arrest register brought to Court by Officer Sable, copies of documents from the prior conviction of defendant and a Boykin transcript dated July 10, 1985 containing the plea of guilty by defendant to simple robbery. Following arguments by defense counsel, the trial court found defendant to be a second offender.
Defendant appeals his multiple offender conviction and sentence asserting the following assignments of error:
1) The State failed to prove beyond a reasonable doubt that the individual that was sentenced in fact was the Alton Walters at the multiple bill hearing;
2) The underlying felony conviction shows that it was what has become known as an "Alfred"[1] plea with the understanding that the plea is taken solely for the purpose of obtaining the deal and not for admitting the guilt of the defendant. Nowhere in the transcript of the underlying felony proceeding was the defendant informed that the deal would result in future multiple bill proceedings.
3) The evidence considered by the trial court was defective and incomplete by failing to supply the requisite certified copies.

ASSIGNMENT OF ERROR 1:
Defendant asserts the state failed to carry its burden of proof that it was defendant who pled guilty to simple robbery on July 10, 1985. Specifically, defendant points to the following testimony by Officer Sable:
"Q. Have you ever been called to identify those fingerprints on previous occasions?

*1354 A. Yes.
Q. Is there anything on S-3 that indicates that the guilty plea was in fact Mr. Walters? Are his fingerprints anywhere on these documents?
A. No, they are not on the documents, no.
Q. So, in fact you cannot say that Mr. Walters was the man appearing in court on that day?
A. Can I say that he was in court that day, no.
Q. And if he had been in court that day and then his fingerprints should have appeared on the back as they did for the other two defendants whose [sic] apparently pled guilty on that day?
A. I can't tell you the court procedure.
Q. Well, you said they are normally taken by the deputy at court and you often are called to identify those fingerprints; is that correct?
A. Yes, and there are also occasions when they do not fingerprint them. Not all sections fingerprint every charge.
Q. Well, they fingerprint these two defendants; is that correct that appeared on the same day?
A. Sure.
Q. And Mr. Walters fingerprints do not appear anywhere in S-3 other than on quote the arrest register that you previously identified?
A. That's correct.
Q. And you don't know whether the arrest register was attached to the original indictment when Mr. Walters allegedly pled guilt [sic]; is that correct?
A. I can't answer that, no."
The basis of defendant's argument is that there were no fingerprints on the bill of information from the predicate conviction.
To prove a defendant a multiple offender, the State need only establish by competent evidence that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982).
The issue of whether the bill of information from the predicate offense must contain fingerprints was addressed by this Court in State v. Jones, 537 So.2d 1244 (La.App. 4th Cir.1989). In Jones, we found that Officer Sable's testimony that defendant's fingerprints on the bill of information for the instant offense matched those affixed to the arrest register for the predicate offense was sufficient to prove identity. See also, State v. Melton, 456 So.2d 192 (La.App. 4th Cir.1984).
Similarly, in the instant case, Officer Sable testified that defendant's fingerprints, taken on the day of the hearing, matched those on the arrest register from the predicate offense. The arrest register was linked to the bill of information from the predicate offense by similarity of name, date of offense, victims, nature of the offense and item number. In addition, the State introduced the waiver of rights form, docket master and Boykin transcript from the predicate conviction. Thus, the State carried its burden of proving that defendant was the same person who pled guilty to simple robbery.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:
Defendant asserts his plea of guilty of simple robbery cannot form the basis of a multiple bill adjudication because it was not based on an admission of guilt and because he was not advised that the guilty plea could be used in a future multiple bill proceeding. We disagree.
Defendant's plea of guilty form reads:
"I am entering a plea of guilty to this crime because I believe that the evidence might prove me guilty of this crime."
An individual accused of a crime may voluntarily, knowingly, and understandably *1355 consent to the imposition of a prison sentence even if he is unwilling to admit his participation in the acts constituting the crime. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Oliver, 478 So.2d 159 (La. App. 4th Cir.1985). While most guilty pleas consist of both a waiver of trial and an express admission of guilt, the latter is not a constitutional requisite to the imposition of a criminal penalty. Alford, supra; Oliver, supra. This type of plea has been denominated an "Alford" plea. It can also be characterized as a plea of "nolo contendere".[2]
Louisiana Code of Criminal Procedure Article 552(4) provides that a plea of nolo contendere:
"... is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under law pertaining to multiple offenses..."
An "Alford" plea and a plea of "nolo contendere" have no significant constitutional distinctions and have the identical legal consequences. Alford, supra. Thus, defendant's "Alford" plea was properly used in his subsequent multiple bill proceeding.
Regarding the issue of whether a defendant need be informed that his plea of guilty may be used in a future multiple bill proceeding, our Supreme Court in State v. Nuccio, 454 So.2d 93 (La.1984) stated:

"Boykin, furthermore, only requires that a defendant be informed of the three rights enumerated above. [self-incrimination, trial by jury and to confront his accusers] Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions. Our jurisprudence has never required that a defendant be informed that his guilty pleahis convictionmay be used as a basis for the filing of a future multiple offender bill." at p. 104. See also, State v. Freeman, 503 So.2d 501 (La.App. 4th Cir.1987), writ den., 551 So.2d 628 (La.1989).
Thus, there is no jurisprudential rule requiring that the rule in Boykin be expanded to include that a defendant be informed that his "Alford" plea may be used in a future multiple bill proceeding.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 3:
Defendant asserts the trial court erred by admitting into evidence documents that were not certified and not authenticated. We disagree.
The record clearly shows that the arrest register was certified a true copy by the custodian of records of the New Orleans Police Department, William Sable, who testified at the hearing; that the bill of information, waiver of rights form and docket master were all stamped "A True Copy" and signed by the Deputy Clerk of the Criminal District Court for the Parish of Orleans, and that the Boykin transcript was certified by the court reporter on August 23, 1990, one week prior to the hearing. Thus, we find the State's supporting documentation was properly certified and authenticated.
This assignment of error is without merit.
For the reasons assigned above, defendant's multiple offender adjudication and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant incorrectly refers to an "Alford" plea.
[2] "I will not contest it" Black's Law Dictionary 1048 (West, 6th ed. 1990). Nolo contendere is a plea in a criminal case which has the same legal effect as pleading guilty. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926).