842 So.2d 1240 (2003)
STATE of Louisiana, Appellee,
v.
Billy Ray SELF, Appellant.
No. 36,887-KA.
Court of Appeal of Louisiana, Second Circuit.
April 9, 2003.
*1241 Cary J. Ellis, III, for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Shenequa L. Grey, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
WILLIAMS, J.
The defendant, Billy Ray Self, was charged by bill of information with driving while intoxicated, third offense ("DWI-3rd"), a violation of LSA-R.S. 14:98. After a jury trial, the defendant was found guilty as charged. The trial court denied an oral motion for post-verdict judgment of acquittal. Thereafter, the defendant was sentenced to serve four years at hard labor, without the benefit of parole, probation or suspension of sentence, with credit for time served. The court also imposed a fine of two thousand dollars plus court costs, and ordered the forfeiture of the vehicle involved. Defendant timely filed for reconsideration of the sentence. As a result, the trial court withdrew the former sentence and ordered defendant's four-year sentence to be served concurrently with any other sentence imposed. The defendant now appeals, challenging the sufficiency of the evidence to convict and the trial court's failure to consider the amendment to LSA-R.S. 14:98(G) in imposing sentence. We affirm the defendant's conviction; however, the sentence is vacated and the case is remanded for resentencing.

FACTS
On June 22, 2001, the defendant's vehicle was seen leaving the scene of a hit-and-run near Joe's Bar and Grill on East Kings Highway in Shreveport, Louisiana. The police were notified and a description of the vehicle was broadcast over the radio to all police units. A few minutes later, a police officer saw defendant's truck weaving in traffic and across the center line. The vehicle ran over a curb while the defendant was making a turn. The officer stopped the defendant and commanded him to exit the vehicle. The defendant smelled of alcohol. He also had bloodshot eyes, slurred speech and difficulty standing. Defendant refused to submit to field sobriety tests and to the breathalyzer. A DWI task force officer was called to the scene. Both officers believed defendant was under the influence of alcohol. Defendant was arrested for driving while intoxicated. Defendant had two prior convictions for DWI.

DISCUSSION

ASSIGNMENT OF ERROR NO. 1

Sufficiency of Evidence:
By his first assignment of error, defendant contends the evidence was insufficient *1242 to support his conviction of DWI-3rd. To support a conviction of driving while intoxicated, the state must prove that the defendant was operating a vehicle, and he was under the influence of alcohol or drugs. State v. Bourgeois, 00-1585 (La. App. 5th Cir.3/14/01), 785 So.2d 848. Additionally, to convict a defendant of driving while intoxicated, third offense, the state must show that the defendant had two other valid convictions. LSA-R.S. 14:98(D).
At trial, the state offered certified copies of the transcripts and minutes of the defendant's prior two convictions for driving while intoxicated. Certified copies of the transcript of the defendant's 1998 guilty plea to DWI in Caddo Parish and the bill of information were introduced into evidence. Sharon Bivens, deputy clerk of court, identified the bill of information and pertinent court minutes for the 1998 conviction. Sergeant Owen McDonnell, a fingerprint analysis expert, matched the fingerprints on the bill of information to fingerprints taken from the defendant. Additionally, certified copies of the court minutes, a transcript of the guilty plea and the affidavit charging the defendant with DWI in 1999, in Baton Rouge City Court were introduced into evidence. The jury unanimously found the defendant guilty as charged.
The standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir.1986).
Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330, 1334 (La.1983). Some behavioral manifestations, independent of any scientific tests such as blood or breath alcohol tests, are sufficient to support a charge of driving while intoxicated. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. State v. Berkeley, 00-1900 (La.App. 5th Cir.5/31/01), 788 So.2d 647, 652; State v. Pitre, 532 So.2d 424 (La.App. 1st Cir. 1988), writ denied, 538 So.2d 590 (La. 1989); State v. Holley, 32,156 (La.App.2d Cir.8/18/99), 742 So.2d 636. The observations of an arresting officer may be sufficient to establish guilt. State v. Allen, supra.
In the present case, Officer Jack Miller of the Shreveport Police Department testified that he stopped defendant after a hit-and-run call was broadcast and a description of the vehicle involved matched the defendant's truck. Officer Miller first noticed the vehicle because it was swerving in its traffic lane. As Officer Miller followed behind the vehicle for one block, it crossed the center line twice and almost ran off the road to the right. The vehicle "jumped a curb" as it made a right turn. According to Officer Miller, he suspected the driver was impaired from drinking and turned on his roof rack. Officer Miller then noticed the license plate number was that of the wanted hit-and-run vehicle.
Officer Miller testified that he is a six-year veteran of the Shreveport Police Department. *1243 He also testified about his training in detecting impaired drivers and administering field sobriety tests. Through his work, Officer Miller comes in contact with intoxicated drivers two or three times each week. Officer Miller testified that the defendant was the only person in the vehicle. When the defendant got out of the truck, he was very unsteady on his feet. Defendant kept leaning on the truck for support. Defendant's eyes were "real red and bloodshot." When the defendant spoke, he had a distinct odor of alcohol on his breath and his speech was slurred.
After the defendant refused to take the field sobriety test, Officer Dena West was called to the scene. Officer West was assigned to the Shreveport DWI task force. Officer West had been with the DWI task force for two years and had come in contact with 350 intoxicated drivers within the past year. She was trained to detect an impaired driver. Officer West testified that when she first saw the defendant, she noticed he had a strong odor of alcohol on his breath and his eyes were glassy and blood shot. According to Officer West, the defendant's speech was slurred and he was unsteady on his feet. Officer West transported the defendant to the enforcement facility, which was about ten minutes away from the location of the traffic stop. While he was being transported, defendant fell asleep in the back of the police car. A video tape of the defendant was made at the enforcement unit. This video tape was played to the jury at trial. The jury witnessed the defendant fall asleep while standing, his slurred speech and his drunken behavior. Officer West testified that defendant exhibited definite characteristics of a person that was intoxicated.
Although the defendant did not call any witnesses or present evidence in his defense, he argues on appeal that the state failed to exclude every reasonable hypothesis of innocence. Contrary to the defendant's contention, the evidence shows beyond a reasonable doubt that he was operating a motor vehicle, while he was intoxicated. The vehicle was stopped mere minutes after it was observed leaving the scene of a hit-and-run collision. Defendant weaved in traffic, drove over the center line and drove over the curb while turning a street corner.
The experienced police officers testified that defendant had many indicators of intoxication and that they both believed that he was intoxicated. As stated above, it is not necessary that a conviction of DWI be based upon a blood or breath test, and the observations of an arresting officer may be sufficient to establish the defendant's guilt. Intoxication is an observable condition about which a witness may testify. See State v. McDonald, 33,013 (La.App.2d Cir.3/1/00), 754 So.2d 382. We find that the testimony of the officers with regard to the defendant's behavior and physical condition was more than sufficient to establish the defendant's guilt. Thus, viewing the evidence in a light more favorable to the prosecution, we conclude that every essential element of the crime of DWI-3rd offense was proven beyond a reasonable doubt.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2

Excessive Sentence:
The defendant argues on appeal, and the state concedes, that the district court should have imposed a penalty within the reduced range provided by the Legislature via a statutory amendment to the statute of conviction which became effective (August 15, 2001) after defendant committed the offense (June 22, 2001) of which he was found guilty, but before he was sentenced (April 15, 2002).
*1244 Based on the ruling of the Supreme Court of Louisiana in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, we are constrained to vacate the sentence imposed and remand for resentencing. Although defendant committed the instant offense prior to the August 15, 2001 effective date of 2001 La. Acts 1163, under the quasi retroactive ruling of Mayeux, the amended sentencing provisions are to be applied in this case. It is the role of this court to uphold the sentencing provisions that are clearly stated by the legislature. Accordingly, we remand this case for resentencing.

CONCLUSION
For the above reasons, the defendant's conviction is affirmed. The defendant's sentence is vacated, and the matter is remanded for resentencing in conformity with the amended sentencing provisions of LSA-R.S. 14:98(G).
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.