873 So.2d 855 (2004)
STATE of Louisiana, Appellee,
v.
James C. HOLLADAY, Appellant.
No. 38,354-KA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*856 Charles Kincade, Counsel for Appellant.
Jerry L. Jones, District Attorney, Geary Aycock, Assistant District Attorney, Counsel for Appellee.
Before BROWN, GASKINS and LOLLEY, JJ.
LOLLEY, J.
Defendant, James C. Holladay ("Holladay"), was charged with DWI (third offense), following an automobile accident involving two vehicles. He was tried by jury in the Fourth Judicial District Court, Parish of Ouachita, Louisiana, and was convicted as charged. Holladay now appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On March 31, 1999, Holladay was involved in an automobile accident when the car he was driving was hit from the rear as he was turning into his driveway off Louisiana Highway 841 and Prairie Road. Trooper James McGee, ("McGee") of the Louisiana State Police was dispatched to the scene to investigate the accident. Upon his arrival, McGee was told that Holladay sustained a cut on his head and was inside the ambulance. A paramedic attending to Holladay advised McGee that Holladay had a "strong odor of alcoholic beverage on his breath." At trial, McGee testified that after he entered the ambulance, he noticed that Holladay's breath had a "pretty strong" odor of alcohol and that his eyes were glassy. Holladay was transported to St. Francis Hospital, where the Horizontal Gaze Nystamus (HGN) test was administered. He scored the maximum score of six possible points, indicating that Holladay was intoxicated. When Holladay was discharged from the hospital, McGee took him to his police car. McGee testified that Holladay was unsteady on his feet and "very unsure with his movements." While at police headquarters, McGee had Holladay perform other field sobriety tests. According to McGee's testimony, Holladay was swaying and had to use his arms for balance when he did the one-leg stand test. While performing the walk-and-turn test, McGee testified that Holladay began the test before told to do so, he did not touch heel-to-toe, he lost his balance while walking, he used his arms for balance, and he turned incorrectly. Holladay refused to take the breath-alcohol test. Following the field sobriety tests, McGee interviewed Holladay, whereupon he admitted that he was driving his vehicle when the accident occurred. Upon further questioning, Holladay admitted that he had been drinking prior to the accident, although he stated that he had only one beer. Based on the field sobriety tests and observations of Holladay, McGee was of the opinion that despite the elapse of time since the collision, Holladay "was still over the legal limit of alcohol." Following these events, Holladay was arrested.
On April 27, 1999, Holladay was charged by bill of information with Driving While Intoxicated (Third Offense). A trial on the merits began on February 3, 2003. During trial, Holladay filed a Motion to Quash. Subsequent to hearing all the evidence in the case, the trial judge denied Holladay's motion. Holladay was found guilty as charged by a unanimous jury. On February 10, 2003, Holladay was sentenced to serve four years at hard labor with the first 30 days to be served without probation, parole or suspension of sentence.
*857 The remaining portion of the sentence was suspended and Holladay was placed on five years supervised probation. Holladay was also fined $2,000, as required by La. R.S. 14:98, plus court costs. This appeal by Holladay ensued.

DISCUSSION
Holladay raises two assignments of error on appeal. In his first assignment of error, Holladay contends that the evidence was insufficient to sustain the conviction because the arresting officer found no evidence that Holladay was operating his vehicle in an erratic or unsafe manner. Although the record does not reflect that Holladay filed a motion for post-verdict judgment of acquittal pursuant to La. C. Cr. P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273.
To convict an accused of driving while intoxicated, the prosecution need only prove that the defendant was operating a vehicle, and he was under the influence of alcohol or drugs. La. R.S. 14:98; State v. Self, 36,887 (La.App.2d Cir.04/09/03), 842 So.2d 1240; State v. Withers, 36,001 (La. App.2d Cir.06/12/02), 821 So.2d 556.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bell, 37,675 (La.App.2d Cir.09/26/03), 855 So.2d 946. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Braswell, 605 So.2d 702 (La.App. 2d Cir. 1992).
Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330, 1334 (La.1983); State v. Self, supra. Some behavioral manifestations, independent of any scientific tests such as blood or breath alcohol tests, are sufficient to support a charge of driving while intoxicated. The behavioral manifestations that are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. State v. Self, supra; State v. Holley, 32,156 (La.App.2d Cir.08/18/99), 742 So.2d 636. It is not necessary that a conviction for DWI be based upon a blood or breath alcohol test and the observations of an arresting officer may be sufficient to establish a defendant's guilt. State v. Self, supra; State v. McDonald, 33,013 (La. App.2d Cir.03/01/00), 754 So.2d 382.
In the instant case, the record indicates that at the time of his arrest, Holladay admitted that he was the driver of his vehicle, and he also admitted to drinking a beer. Although Holladay did not take the breath test, nor was a blood test administered, in McGee's opinion Holladay appeared intoxicated and failed the various field sobriety tests administered to him. As erratic operation is not an element of the offense, Holladay's argument of insufficient evidence to sustain his conviction of driving while intoxicated is without merit. Therefore, this court finds that the evidence presented clearly supports the verdict.
In his second assignment of error, Holladay complains that the trial court erred in failing to grant his Motion to Quash the use of his 1996 conviction as a predicate offense. Holladay takes the position that in the guilty plea phase of his 1996 conviction, the trial court failed to *858 advise him of the enhanceable nature of the offense or of the penalties involved.
To convict a defendant of driving while intoxicated, third offense, the state must show that the defendant had two other valid convictions. La. R.S. 14:98(D). It is well established that a guilty plea be free and voluntary on the part of the defendant. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 273 (1969). In the instant case, Holladay contests the validity of his 1996 conviction of DWI. At trial, the state offered evidence of Holladay's 1996 conviction, which consisted of the bill of information, a copy of the traffic ticket and the minutes. The minutes and the transcript of the 1996 guilty plea shows that Holladay was represented by counsel and that he was advised of his right to a trial, to remain silent and to confront any witnesses, i.e., that there was compliance with Boykin, supra.
In State v. Anderson, 1998-2977 (La.03/19/99), 732 So.2d 517, the supreme court held that advice as to sentencing exposure has never been part of the core Boykin requirements for the entry of a presumptively valid guilty plea.
Holladay does not cite any authority for the proposition that failure to advise him of the enhanceable nature of the offense or the penalties involved renders a guilty plea invalid. Since it has been held that the rule in Boykin has not been expanded to included that a defendant be advised that his guilty plea may be used in future multiple bill proceedings, we find there is no merit to that portion of Holladay's complaint. State v. Walters, 591 So.2d 1352 (La.App. 4th Cir.1991), writ denied, 584 So.2d 1171 (La.1991).
In conclusion, the evidentiary challenge mounted by the defense concerns a matter which is not an element of the offense and, therefore, lacks merit. Additionally, there is no showing that the trial court erred in denying Holladay's Motion to Quash. So considering, Holladay's conviction and sentence is affirmed.
AFFIRMED.