880 So.2d 197 (2004)
STATE of Louisiana, Appellee
v.
Allen Dewayne TAYLOR, Appellant.
No. 38,574-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
*198 Kammi R. Whatley, Laura M. Pavy, for Appellant.
Paul J. Carmouche, District Attorney, Sean Miller, J. Thomas Butler, Assistant District Attorneys, for Appellee.
Before BROWN, CARAWAY, and MOORE, JJ.
BROWN, C.J.
Defendant, Allen DeWayne Taylor, was convicted of DWI, fourth offense, after a bench trial. The court denied timely-filed motions for new trial and post-verdict judgment of acquittal, then imposed a sentence of 15 years at hard labor, with all but 60 days without benefit suspended, as required by the applicable version of La. R.S. 14:98. Defendant was also placed on supervised probation for four years. A timely-filed motion for reconsideration was denied. For the reasons set forth below, we affirm.

Discussion

Sufficiency of the Evidence
On appeal, defendant argues that the evidence was "exceedingly weak," consisting only of the subjective observations of the arresting officer and the results of the horizontal gaze nystagmus ("HGN") test.
The trial transcript shows that when testimony of the HGN results and the officer's subjective opinion of defendant's intoxication were admitted into evidence, there was no contemporaneous objection. Furthermore, the motions for new trial and post-verdict judgment of acquittal are silent on the argument raised by defendant for the first time on appeal, that the testimony of the arresting officer did not meet the standards of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and State v. Foret, 628 So.2d 1116 (La.1993).
An irregularity or error cannot be asserted after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841; State v. Bosley, 29,253 (La. App.2d Cir.04/02/97), 691 So.2d 347, writ *199 denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir.1992); State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (La.1990). Furthermore, the holdings of Daubert, supra, and State v. Foret, supra, are not applicable to a challenge to the testimony of a lay witness in a DWI case. State v. Bowen, 01-594 (La.App. 5th Cir.12/26/01), 806 So.2d 749, writ denied, 02-0264 (La.10/25/02), 827 So.2d 1170. Nonetheless, we will review the evidence for sufficiency.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bell, 37,675 (La.App.2d Cir.09/26/03), 855 So.2d 946. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992).
To convict an accused of driving while intoxicated, the prosecution need only prove that defendant was operating a vehicle and that he was under the influence of alcohol or drugs. State v. Holladay, 38,354 (La.App.2d Cir.05/12/04), 873 So.2d 855; State v. Withers, 36,001 (La.App.2d Cir.06/12/02), 821 So.2d 556; State v. Minnifield, 31,527 (La.App.2d Cir.01/20/99), 727 So.2d 1207, writ denied, 99-0516 (La.06/18/99), 745 So.2d 19. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. Holladay, supra; State v. McDonald, 33,013 (La.App.2d Cir.03/01/00), 754 So.2d 382. The behavioral manifestations that are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. State v. Holladay, supra; State v. Self, 36,887 (La.App.2d Cir.04/09/03), 842 So.2d 1240. It is not necessary that a conviction for DWI be based upon a blood or breath alcohol test, and the observations of the arresting officer may be sufficient to establish a defendant's guilt. Id. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983); State v. Spence, 418 So.2d 583 (La.1982); State v. Holladay, supra; State v. Blackburn, 37,918 (La.App.2d Cir.01/28/04), 865 So.2d 912. The ultimate decision of whether the defendant was intoxicated rests with the finder of fact. State v. Allen, supra.
Horizontal Gaze Nystagmus, or HGN, refers to a lateral or horizontal jerking when the eye gazes to the side. In the impaired driving context, alcohol consumption hinders the ability of the brain to correctly control eye muscles, therefore causing the jerk or bounce associated with HGN. State v. Armstrong, 561 So.2d 883 (La.App. 2d Cir.1990), writ denied, 568 So.2d 1077 (La.1990). State v. Garris, 603 So.2d 277 (La.App. 2d Cir.1992), writ denied, 607 So.2d 564 (La.1992); State v. Armstrong, supra, citing Ludington, Horizontal Gaze Nystagmus Test: Use in Impaired Driving Prosecution, 60 A.L.R.4th 1129 (1988).
The HGN test allows the officer to observe the eyes of the subject to see whether nystagmus was present at maximum deviation, whether the subject can smoothly pursue while tracking the pen with his eyes, and to see at what point the onset of nystagmus occurred. State v. Garris, supra. As held by this court in State v. Armstrong, supra, results of the HGN test are admissible as evidence of *200 intoxication as long as a proper foundation has been laid. See also State v. Blackburn, supra; State v. Breitung, 623 So.2d 23 (La.App. 1st Cir.1993), writ denied, 626 So.2d 1168 (La.1993); State v. Regan, 601 So.2d 5 (La.App. 3d Cir.1992), writ denied, 610 So.2d 815 (La.1993). This foundation is laid when a showing is made that the officer who administered the test was trained in the procedure, that the officer was certified in its administration, and that the procedure was properly administered. Id.
The testimony introduced at the instant trial supports the conviction beyond a reasonable doubt. The defense stipulated that defendant had the requisite three prior DWI convictions. Deputy Leonard Scoggins testified that at 3:20 a.m. on January 12, 2003, he clocked defendant's vehicle at 75 m.p.h. in a 55 m.p.h. zone. Dy. Scoggins pulled the vehicle over and noted that defendant had trouble walking when he got out of his vehicle. The deputy noted an odor of alcoholic beverages on defendant's breath and that his speech was slurred. Defendant fumbled with his wallet and took several minutes to locate his driver's license and insurance information. Defendant did not claim to have injuries or medical conditions which could have impaired his driving.
Deputy Scoggins testified that he has been trained in the detection of intoxicated drivers. He produced copies of documents indicating his certification in standardized field sobriety administration, which includes field tests such as the HGN, as well as administration of the Intoxilizer 5000. Dy. Scoggins noted that in the standardized field sobriety courses he attended, the responses of intoxicated persons were compared with those who had not imbibed. He also stated that he has encountered many drunk drivers in his employment with the sheriff's office.
Dy. Scoggins performed the HGN test and observed that defendant had lack of smooth pursuit and distinct nystagmus at maximum deviation in both eyes. He also had distinct onset of nystagmus prior to 45 degrees in both eyes. Defendant's score was six out of six possible clues or indicators for intoxication. The deputy noted that no other field tests were performed because defendant was unsteady on his feet. It was Dy. Scoggins' opinion that defendant was impaired.
Defendant was taken to the police station and advised of his rights. After an unsuccessful attempt to take the intoxilyzer test, defendant refused to blow. He likewise refused any other field sobriety test.
The above testimony establishes that defendant was driving and that he was impaired by alcohol at the time. His attorney conceded that defendant had three prior DWI convictions. Viewing the evidence in the light most favorable to upholding the trier of fact's verdict, we find it to be sufficient to establish the elements of DWI, fourth offense, beyond a reasonable doubt.
We reviewed the record for errors patent and found none.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.