NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-895

STATE OF LOUISIANA

VERSUS

ZACHARY DEREL MOSLEY

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 92043
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

************

SYLVIA R. COOKS

JUDGE

************

Court composed of Sylvia R. Cooks, D. Kent Savoie, and Candyce G. Perret, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.
SENTENCING MINUTES TO BE AMENDED TO DELETE
STATEMENT OF TRIAL COURT'S ADVICE TO DEFENDANT
REGARDING DIMINUTION FOR GOOD BEHAVIOR.

Asa Allen Skinner,
District Attorney, 30th JDC
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
  State of Louisiana

**Bruce Gerard Whittaker**
**Louisiana Appellate Project**
**1215 Prytania Street, Suite 332**
**New Orleans, Louisiana 70130**
**(504) 554-8674**
**COUNSEL FOR APPELLANT:**
  **Zachary Derel Mosley**

**Zachary Derel Mosley, Pro Se**
**Hunt Correctional Center**
**P.O. Box 174**
**St. Gabriel, LA 70776**

**Cooks, Judge.**

Zachary Derel Mosley, (Defendant) shot his father, Andrew Mosley, in the hand, chest, back, and head. Andrew Mosely died in his chair at home. Defendant fled the scene and placed his gun with family members. On January 3, 2018, Defendant was charged with manslaughter, a violation of La.R.S. 14:31. Defendant filed a motion seeking the appointment of a sanity commission on January 3, 2018. The trial court appointed Dr. James Anderson (Dr. Anderson) and Dr. John Simoneaux (Dr. Simoneaux) to determine Defendant's mental capacity to proceed to trial and his mental capacity at the time of the offense.

On January 29, 2018, a grand jury indicted Defendant for second degree murder, a violation of La.R.S. 14:30.l. Dr. Anderson issued his report on January 30, 2018, concluding Defendant was able to assist in his defense, recall and relate facts related to the charges, and make decisions in response to well-explained alternatives. Dr. Simoneaux's evaluation, also dated January 30, 2018, concluded Defendant knew right from wrong at the time of the murder and could assist in his defense. The trial court found Defendant competent on February 7, 2018.

Defendant pled not guilty on February 20, 2018. However, he changed his plea to not guilty by reason of insanity on October 12, 2018. The State filed a motion to appoint another sanity commission on December 17, 2018 to examine Defendant's mental condition at the time of the murder. The trial court appointed Dr. Flynn Taylor (Dr. Taylor) on January 29, 2019.

Dr. Taylor's report dated March 20, 2019, indicated only that Defendant was competent to proceed to trial and to assist his attorney. The trial court then appointed Dr. Julia Wood (Dr. Wood) to determine Defendant's mental capacity at the time of the murder. Dr. Wood's report dated May 15, 2019, concluded Defendant did not lack the capacity to distinguish right from wrong as it pertained to his criminal conduct.

On August 7, 2019, Defendant signed a waiver of his constitutional rights and changed his plea to no contest to manslaughter, a violation of La.R.S. 14:31. He also agreed to a sentence of forty years with the Department of Corrections with credit for time served since October 10, 2017,

1

the date of his arrest. Although the plea agreement referenced "no contest," it also stated, "*Alford* plea mental health treatment." The order on the motion for appeal states the trial court accepted Defendant's nolo contendere plea with his "reservation of right of review for appeal of the errors assigned in connection to the Motion to Appoint An Insanity (sic) Commission."[1]

At the August 7, 2019 plea hearing, Defendant's counsel stated Defendant would "be pleading . . . no contest under the *Alford* Plea of forty years" with credit for time served since October 10, 2017. The State agreed not to charge Defendant as a habitual offender.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. We affirm Defendant's convictions and sentences and grant counsel's motion to withdraw.

ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent. However, we further find the sentencing minutes need correction. According to the minutes of sentencing, the trial court advised Defendant, pursuant to La.R.S. 15:571.3, the sentence was subject to diminution for good behavior. According to the transcript of sentencing, however, the trial court made no mention of whether the sentence was subject to diminution for good behavior. "[W]hen the minutes and the

---

[1] The fifth circuit has explained:

"In *State v. Walters*, 591 So.2d 1352, 1355 (La.App. 4 Cir. 1991), *writ denied*, 584 So.2d 1171 (La. 1991), the court, citing *Alford*, found that an "*Alford*" plea and a plea of "nolo contendere" have no significant constitutional distinctions and have the identical legal consequences." A major procedural distinction between the two, however, is that a nolo contendere plea, unlike a plea accompanied by a claim of innocence, does not put the trial court on notice that it must ascertain a factual basis to support the plea. *State v. Orman*, 97-2089 (La. 1/9/98), 704 So.2d 245. In a case involving a bona fide *Alford* plea, the record must contain 'strong evidence of actual guilt.' *North Carolina v. Alford*, 400 U.S. [25] at 38, 91 S.Ct. at [160] 167."

*State v. Villarreal*, 99-827, pp. 4-5 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, *writ denied*, 00-1175 (La. 3/16/01), 786 So.2d 745.

transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, we order the minutes of sentencing to be amended to delete the statement concerning the trial court's advice to Defendant regarding diminution for good behavior.

## *ANDERS* ANALYSIS

The fourth circuit offered the following *Anders* analysis in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990):

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914. I(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (*citing Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983)) *quoting McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel's *Anders* brief must review the procedural history and the evidence in the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief citing what he perceived as potential errors for appeal. First, he noted Defendant pled "nolo contendere," but the plea agreement also referenced *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). An *Alford* plea professes innocence while a nolo contendere plea "is equivalent to an admission of guilt[.]" *State v. Villarreal*, 99-827, p. 4 (La.App. 5 Cir 2/16/00), 759 So.2d 126, 129, *writ denied*, 00-1175 (La. 3/16/01), 786 So.2d 745. Defense counsel noted the pleas "have no significant constitutional distinctions and have the identical legal consequences." *State v. Walters*, 591 So.2d 1352, 1355 (La.App. 4 Cir. 1991). The parties agreed to the factual basis for the conviction at the plea hearing, and the trial court accepted it.

Defense counsel's brief states Defendant did not waive his right to appeal in the plea agreement but did not reserve any issues for appeal pursuant to *State v. Crosby*, 338 So.2d 584 (1976). The trial court's order granting Defendant's motion for appeal noted Defendant had reserved his right to assign errors related to his "Motion to Appoint An Insanity [sic] Commission."

Defendant indicated he understood the rights he was waiving by his plea. The trial court imposed sentence in conformity with the plea agreement. Counsel further noted multiple experts agreed Defendant was competent to proceed to trial and to assist counsel. Defendant did not object to the trial court's finding of his competency. Defense counsel concluded no non-frivolous issues existed for appeal.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea agreement and waiver of rights forms. The trial court correctly informed Defendant of his *Boykin* rights and discussed the possible sentence and the sentence to which Defendant agreed at the plea hearing. *In exchange for the plea, the State agreed not to charge Defendant as a habitual offender.*

4

Defendant was exposed to a sentence of life imprisonment with benefit of parole, probation, or suspension of sentence for the charged crime of second-degree murder, La.R.S. 14:30. l. Even though he agreed to the maximum sentence for manslaughter, Defendant nevertheless received a substantial benefit through his plea agreement. We find the record indicates no non-frivolous issues for appeal regarding sentencing.

Although Defendant may have attempted to reserve an issue on appeal regarding his motion to appoint a sanity commission, Defendant did not object to the finding of his competency or to any other aspect of the sanity commission. "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La.Code Crim.P. art. 841(A).

In *State v. Lewis*, 09-846 (La.App. 3 Cir. 4/7/10), 33 So.3d 1046, *writ denied*, 10-967 (La. 11/24/10), 50 So.3d 825, the defendant complained on appeal that a custodial statement relative to his mental state was not admitted at trial. However, he failed to object when the trial court denied the admission of the statement. This court held he waived appellate review of issues regarding the statement and refused to consider the defendant's assignment of error. Likewise, while Defendant here may have reserved his right to raise assignments of error regarding the sanity issue, this court will not consider assignments of error because Defendant did not raise a contemporaneous objection to the trial court's decision. Moreover, even in his *pro se* brief, Defendant does not make any showing that any of the four doctors' assessments were wrong.

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issues addressed by counsel. Therefore, we affirm Defendant's convictions and sentences and grant counsel's motion to withdraw. However, we order the minutes of sentencing be amended to delete the statement concerning the trial court's advice to Defendant regarding diminution for good behavior.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED. SENTENCING MINUTES TO BE AMENDED TO DELETE STATEMENT OF TRIAL COURT'S ADVICE TO DEFENDANT REGARDING DIMINUTION FOR GOOD BEHAVIOR. NOT FOR PUBLICATION.**

5